## THE SAMMIE.

### BUSH et al. v. WILLIAMS.

(Circuit Court of Appeals, Second Circuit. December 18, 1893.)

No. 50.

COLLISION—TOW WITH STEAMER AT PIER.

Appeal from the District Court of the United States for the Southern District of New York.

This was a libel by Thomas Williams, master of the steamship North Erin, against the steam tug Sammie, George E. Bush and others, claimants, to recover damages alleged to have been sustained by the steamship in consequence of a collision with a tow in charge of the Sammie. The district court rendered a decree for libelant in the sum of $500, with costs, and the claimants appeal.

At the time of the alleged collision, the North Erin was lying in a slip on the south side of the Pennsylvania Railroad pier at Jersey City. The steamship Pennsylvania was lying in the same slip on the lower side. The tug came down the river with the lighter Hoboken in tow, on two short hawsers, bound for the Pennsylvania. The tide was ebb, and as she rounded in and entered the slip, between the North Erin and Pennsylvania, the Hoboken (as claimed by the libelants) struck the North Erin's port quarter, knocking in a plate and doing some other damage. It was denied in behalf of the tug that any collision occurred. The evidence in behalf of the libelant substantially of the testimony of several persons on board the North Erin that they felt a shock; that some of them at once went on deck, and saw the lighter then lying close under the steamer's counter. Nobody was on deck at the time of the collision. On the examination of the chief officer of the North Erin, he was allowed, without objection, to testify that he went on board the lighter Hoboken, saw the captain, and invited him to come on board the North Erin, and survey the damage done; that he accordingly came aboard, saw the crack in the plate, and said: "I did not think that I struck her so hard." At this point objection was made to the conversation as hearsay. The evidence in behalf of the Sammie consisted of the testimony of several of her crew to the effect that they were watching and saw no collision, the engineer stating that the lighter was 10 or 15 feet away from the steamer all the time.

The decision given in the court below by BROWN, District Judge, was as follows:

"I credit the testimony of the steamer's witnesses, fortified by circumstances, rather than the tug's negative testimony, unsustained by any possible explanation of the breaking of the plate by any other cause than the lighter in tow of the tug. This decision is reached without reference to the statements of the master of the lighter Hoboken, which I regard as hearsay and irrelevant."

McCarthy & Berier, for claimants of the Sammie.
Convers & Kirlin, for appellee.

Decree affirmed, with interest and costs, upon the opinion of the district judge.